IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrik Lamar Jackson,<br><br>          Plaintiff,<br><br>v.<br><br>Steve Mueller; Stephen Anderson; Sherri Wells; Lt. Bright; Lt. Nichols; Lt. Doley; Sgt Meadows; Sgt Athens; Officer Millwood; Officer Humphreys; Officer Medley; Officer Wilson; Officer Peterson; Officer Bates; Officer Brantley; Officer Cornwell; Officer Black; Officer Ramsey, Sgt. Richard Doty; Officer Todd Pavlovic; Officer Christopher Gillespie; Officer Josh Gillespie; and Officer Talor Stewart,<br><br>          Defendants. | C/A No.: 5:21-1523-TMC-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Derrik Lamar Jackson ("Plaintiff"), proceeding pro se, filed this action alleging violations of his civil rights. On September 1, 2021, the court mailed Plaintiff the scheduling order in this matter. ECF No. 35. On September 16, 2021, the scheduling order was returned to the court as undeliverable with the notation "RETURN TO SENDER. REFUSED, UNABLE TO FORWARD" and "RTS, not here." ECF No. 52. It does not appear Plaintiff is still in the custody of the Cherokee County Detention Center. Further, a check of South Carolina Department of Corrections ("SCDC") website reveals Plaintiff is not incarcerated in SCDC.[1] Plaintiff has failed to keep the court apprised of his address as ordered by the court. *See* ECF No. 9. As a result, neither the court nor Defendants has any means of contacting him concerning his case.

---

[1] A search of the SCDC inmate locator reveals no record of Plaintiff as a current detainee. *See* https://public.doc.state.sc.us/scdc-public/ (last visited October 12, 2021).

Based on the foregoing, the undersigned recommends this action be dismissed without prejudice in accordance with Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to send this Report and Recommendation to Plaintiff at his last known address. If Plaintiff notifies the court within the time set for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk of Court is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition. The United States Marshal Service is directed to discontinue efforts to serve Defendants until further order of the court.

IT IS SO RECOMMENDED.

October 12, 2021  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).