IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Derrik Lemar Jackson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Steve Mueller, Stephen Anderson, ) | |
| Sherri Wells, Lt. Bright, Lt. Nichols, Lt. ) | |
| Doley, Sgt. Meadows, Sgt. Athens, ) | Civil Action No. 5:21-cv-01523-TMC |
| Officer Millwood, Officer Humphreys, ) | |
| Officer Medley, Officer Wilson, Officer ) | **ORDER** |
| Peterson, Officer Bates, Officer ) | |
| Brantley, Officer Cornwell, Officer ) | |
| Black, Officer Ramsey, Sgt. Richard ) | |
| Doty, Officer Todd Pavlovic, Officer ) | |
| Christopher Gillespie, Officer Josh ) | |
| Gillespie, and Officer Talor Stewart, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Derrik Lemar Jackson, a former state prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2, 10). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 27, 2021, the magistrate judge entered an order directing Plaintiff to bring the case into proper form and to notify the Clerk's Office if his address changed. (ECF No. 9). The order warned Plaintiff that failure to provide the necessary information to bring the case into proper form within the time permitted or to keep the court informed of any change in his address may subject the case to dismissal. *Id*. at 2, 3. Plaintiff provided some of the required documents in response to the court's order; however, they were not completely correct. *See* (ECF No. 14). Consequently, the magistrate

1

judge issued a second proper form order on June 15, 2021, extending the time for Plaintiff to bring the case into proper form until July 9, 2021.[1]  (ECF No. 18).  The order again directed Plaintiff to notify the clerk in writing of any change of address and warned him that if he failed to keep his address updated with the court, his case may be subject to dismissal.  *Id*. at 3.  Plaintiff submitted the necessary documentation to bring the case into proper form on June 30, 2021.  (ECF No. 23)

Subsequently, the magistrate judge entered an order authorizing service of process on Defendants on July 7, 2021.  (ECF No. 26).  The order was mailed to Plaintiff at the address he had provided to the court, (ECF No. 28), but was returned to the court as undeliverable on July 23, 2021, (ECF No. 32).  The magistrate judge also issued a scheduling order, which was mailed to Plaintiff at the same address on September 1, 2021, (ECF Nos. 35, 36), and returned as undeliverable on September 16, 2021, (ECF No. 52).  To date, Plaintiff has not advised the court of any changes to his address.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 61).  Plaintiff was advised of his right to file objections to the Report.  *Id*. at 3.  The Report was mailed to Plaintiff at the last known address he provided to the court, (ECF No. 62), but was returned as undeliverable on October 26, 2021, (ECF No. 65).[2]  Plaintiff has filed no objections, and the time to do so has now run.

---

[1] Although the deadline in the order was July 6, 2021, pursuant to Federal Rule of Civil Procedure 6(d), Plaintiff was entitled to an additional three days to file because he was served with the order by mail.

[2] As the magistrate judge noted in the Report, it appears that since Plaintiff initiated this action he has been released from custody.  (ECF No. 61 at 1, 1 n.1); *see also* South Carolina Department of Corrections, *Incarcerated Inmate Search*, https://public.doc.state.sc.us/scdc-public/ (search by Plaintiff's first and last names; no results returned matching search criteria) (last visited Nov. 1, 2021).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders. *See* (ECF Nos. 9, 18). Plaintiff was specifically warned that his case would be subject to dismissal if he failed to advise the court in writing of any change to his address. (ECF Nos. 9 at 3; 18 at 3). The court concludes that Plaintiff's failure to update his address with the court indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 61), and incorporates it herein. Accordingly, for the reasons set forth herein, this case is **DISMISSED**

**without prejudice** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.

The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

    **IT IS SO ORDERED.**

s/ Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
November 1, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.